ELIZABETH F. BOWDITCH, EXECUTRIX UNDER THE WILL OF FREDERICK C. BOWDITCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38105. Promulgated July 28, 1931.

*Richard H. Wiswall, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The first issue arises from the petitioner's contentions to the effect that the respondent was in error in including in the gross estate for the purposes of the estate tax any of the parcels of realty with respect to which the tenancies by the entirety were created prior to the effective date of the Revenue Act of 1924. Relative to this issue the petitioner contends that if the Revenue Act of 1924 is to be construed as requiring such inclusion in that respect the act is unconstitutional.

We have considered the questions involved in the first issue in several proceedings and on the authority of our decisions in those proceedings we must hold adversely to the petitioner. *Ada M. Slocum, Executrix*, 21 B. T. A. 169; *Commerce Union Trust Co., Executor and Trustee*, 21 B. T. A. 174; *Elizabeth Putnam, Executrix*, 21 B. T. A. 205; *Max Dann et al., Executors*, 20 B. T. A. 42.

The second issue is whether or not the total value, or any part of the value, of the parcels of real estate designated in the findings of fact as items 1 to 4, inclusive, should be included in the gross estate.

The facts disclose that the purchase price of these parcels of realty was furnished by the decedent but that they were conveyed originally to his wife and stood of record in her name until conveyed, through a third person, to the decedent and his wife as tenants by the entirety. The facts also show that these tenancies by the entirety were created prior to the enactment of the applicable statute. Only the value of an undivided one-half interest in items 1 to 4, inclusive, was included by the respondent in the amount of the gross estate. By his amended answer, however, the respondent avers that in determining the deficiency the value of the whole of the parcels should be included in the gross estate.

Section 302 (e) of the Revenue Act of 1924, which is applicable to the question involved in the second issue, provides in part as follows:

To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: *Provided*, That where such property or any part thereof, or part of the consideration with which such property

was acquired, is shown to have been at any time acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person. *.* *

Section 302 (h) is as follows:

(h) Subdivisions (b), (c), (d), (e), (f), and.(g)' of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

The petitioner contends with reference to the second issue that, in so far as the provisions of the Act of 1924 undertake to determine who contributed the property to the tenancy by the entirety, they must be construed in such a way as to recognize the validity of gifts made by a husband to his wife in good faith without intent to evade taxation prior to the enactment of the act under which the estate is taxable; and that with respect to such gifts the act is not to be construed in such a manner as to operate retroactively.

Citing *Shwab* v. *Doyle*, 258 U. S. 529, the petitioner urges that a taxing act must not be given retroactive effect unless the intent to provide for retroactive application is expressed in " clear, strong and imperative " terms. In our opinion the intent that the provisions of section 302 (e) should be applied retroactively clearly appears from the provisions of section 302 (h) hereinbefore quoted.

The petitioner further urges that the decedent's wife did not receive or acquire the four parcels of realty designated as items 1 to 4, inclusive, from her husband, because the latter never actually owned them. It appears, however, that the decedent furnished the consideration for which such parcels were conveyed to his wife before she conveyed them, through a third person, to herself and her husband as tenants by the entirety. As a matter of fact, the petitioner's argument is largely based on the statement that the parcels of real estate in question were originally a gift from the decedent to his wife. She, therefore, received or acquired the realty now in question from the decedent for " less than a fair consideration in money or money's worth." And in our opinion section 302 (e) intends that, irrespective of the date of the creation of the tenancy by the entirety, all property held as tenants by the entirety by a decedent and spouse at the date of death should be included in the decedent's gross estate for purposes of taxation, excepting from this inclusion only such property as originally belonged to the surviving spouse and was not acquired by the surviving spouse from the decedent for less than a fair consideration in money or money's worth. Therefore, irrespective of the date of the creation of the

tenancy by the entirety, a gift of land made by a decedent to his wife which was afterwards conveyed to the husband and his wife as tenants by the entirety would not come within the exception contained in section 302 (e). This is the clear purport of the words " never to have been received or acquired  *   *   *  for less than a fair consideration in money or money's worth." In the *Estate of Edward T. Kelley*, 22 B. T. A. 421, the basic facts were essentially similar to the facts involved in the second issue of this proceeding. In that case the decedent had furnished the purchase price for a parcel of realty, described as lot 160 of Holden and Murray subdivision, which was conveyed directly to his wife in the year 1917 as a gift from him. The decedent, Kelley, never had title to this parcel of realty. Subsequently this parcel was sold and, as part payment, the buyer caused to be conveyed to Kelley and his wife as tenants by the entirety the buyer's equity in a certain other parcel of land, described briefly in the *Kelley* proceeding as lot No. 1033, which was being purchased by him on installments. The property so conveyed as part payment for lot No. 160 was owned by decedent and wife as tenants by the entirety at the date of his death. It was claimed that the decedent's wife furnished the consideration for the conveyance of the tenancy by the entirety. Section 302 (e) of the Revenue Act of 1924 was applicable to the *Kelley* case. We held in that proceeding that although lot No. 160 of Holden and Murray subdivision was owned by the decedent's wife in her own right, it was nevertheless a gift from her husband, the purchase price of which he had furnished and that, therefore, the consideration paid for lot No. 1033 was received or acquired by the surviving spouse from the decedent for less than a fair consideration in money or money's worth.

We are of the opinion that there is no fundamental distinction between the applicable principles relating to the second issue in this proceeding and those in the *Kelley* case respecting lot No. 160 referred to above. In both proceedings the basic question involved is the same.

It follows from the foregoing that the value of the four parcels of land in question in the second issue herein should be included in the gross estate of the decedent for the purposes of taxation. Since the respondent, in determining the deficiencies in question in this proceeding, included in the gross estate only an undivided one-half interest in such four parcels of realty, the amount of the gross estate should be increased by the amount of the value of the additional undivided one-half interest. Such addition will increase the deficiency in tax.

In accordance with the stipulation of facts the deficiency determined will be subject to a proper deduction therefrom of any sum or sums paid by the petitioner on account of state inheritance taxes.

*Decision will be entered under Rule 50.*